

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

ADAM J QUITMEYER
Plaintiff/Petitioner

Vs

DAVITA HEALTHCARE PARTNERS INC, Et /
Defendant/Respondent

Receipt Number
3166585

Case No. 22-LA-0536

To: QUITMEYER ADAM J
No Address On File

# Receipt of Payment for Fees and Costs Ordered

Case: 22-LA-0536 - QUITMEYER VS DAVITA HEALTHCARE PARTNERS

Transaction Type: 4 Assessments Ordered on Tuesday July 12, 2022 for the amount of 19.50

Payment Type: $19.50 Payment by Cash Payment

Payment By: The assessment ordered of $19.50 was paid in full by TRACY CHAMBERLAIN LITTLER MENDELSON

| Transaction Description | Amount |
|---|---|
| DOCUMENT REPRODUCTION 1 PAGE | 2.00 |
| DOCUMENT REPRODUCTION 2 TO 20 PAGES | 9.50 |
| DOCUMENT REPRODUCTION 21 OR MORE PAGES | 2.00 |
| CERT AUTHENTICATION WITH SEAL | 6.00 |
| Total Assessment Amount: | 19.50 |

*Responsible Party Copy - Printed on Tuesday July 12, 2022 at 11:33 am*

EXHIBIT
A

CLERK'S CERTIFICATION COPY- WITH JUDGE'S VERIFICATION

**STATE OF ILLINOIS )**
**COUNTY OF ST. CLAIR )**

I, **Marie Zaiz**, Clerk of the Circuit Court in and for said County, in the State Aforesaid, do hereby certify the foregoing to be a true, perfect and complete copy of: File 22-LA-536

Seal of Court

Dated ____________, 20____

Clerk of the Circuit Court

By: ____________
Deputy

**STATE OF ILLINOIS )**
**COUNTY OF ST. CLAIR )**

I, **Hon.**____________, Judge of the Circuit Court of said County, do hereby certify that **Marie Zaiz** whose name is subscribed to the foregoing Certificate of Attestation, now is, and was at the time of signing and sealing the same, Clerk of the Circuit Court of St. Clair County aforesaid, and keeper of the records and Seal thereof, dully elected and qualified to office: that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere; and that his said attestation is in due form of law, and by the proper officer.

Seal of Court

Judge

**STATE OF ILLINOIS )**
**COUNTY OF ST. CLAIR )**

I, **Marie Zaiz,** Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify that **Hon.**____________, whose genuine signature appears to the foregoing certificate, was at the time of signing the same, judge of the Circuit Court of said County duly commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Records and elsewhere.

Seal of Court

Dated July 12, 2022

Clerk of the Circuit Court

By: ____________
Deputy

Electronically Filed
Marie Zaiz
Circuit Clerk
Jennifer Davlin
22LA0536
St. Clair County
6/22/2022 12:13 PM
18385479

**IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| **ADAM J. QUITMEYER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2022-LA-** 0536 |
| **DAVITA HEALTHCARE PARTNERS, INC.; DAVITA, INC.; TOTAL RENAL CARE, INC.; and ROCHELLE STOCKMAN** | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Adam J. Quitmeyer, by and through his undersigned counsel, and for his claims against the Defendants states as follows:

**THE PARTIES**

1. At all relevant times, DaVita, Inc. ("DaVita") was and is a Delaware corporation with its principal place of business in Colorado. DaVita does business and has an office in St. Clair County, Illinois. Total Renal Care, Inc., ("TRC") was and is a California corporation with its principal place of business in Colorado. DaVita Healthcare Partners, Inc., is a business entity that cannot be found registered in Illinois or elsewhere. It is the company named on Plaintiff's employment contract but is not legally incorporated. Rochelle Stockman is a resident and citizen of Illinois who was actively and intimately involved in the discrimination and retaliation at issue. Each of the defendants does business as Shiloh Dialysis among many other names. The activities giving rise to this cause of action arose in St. Clair County and Madison County, Illinois.

2. At all relevant times, Plaintiff was and remains a resident and citizen of Illinois.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

3. Plaintiff is a living male human being over 18 years of age, who is not currently in the military and is not incompetent. Plaintiff is a resident and citizen of Illinois. At all relevant times, Plaintiff was employed as a nurse by Defendants to work at the DaVita facilities in St. Clair County, Illinois, and Madison County, Illinois. Defendants worked together as an association, partnership, joint venture, and/or in concert to serve as Plaintiff's employer within the meaning of 740 ILCS 174/5 and/or common law. Plaintiff took orders from, reported to, and worked with personnel and managers/directors of Defendants including specifically Defendant Rochelle Stockman.

4. At all relevant times, Plaintiff was assigned by Defendants to provide nursing services at the offices of DaVita including St. Elizabeth's Hospital in O'Fallon, Illinois.

5. Plaintiff provided nursing services at the offices of DaVita from approximately August 3, 2020, until March 15, 2022, at which time his employmentwith DaVita was terminated with no reason provided despite written request. One month earlier on February 17, 2022, Plaintiff wrote to Defendants' management to report and complain as a "concerned nursing teammate working under Rochelle Stockman" (Ex. A). Plaintiff reported unsafe staffing ratios with extra patients "to get more treatment done" at the unthinkable risk of endangering the patients. Plaintiff reported "what happens when one of these patients codes, the hospital comes back and sees that I have more than 2 patients on the machine at once, and the family decides to sue?" He reported Defendant's improper billing practices whereby Defendants were billing for two on one patient per nurse but staffing only enough for 3 to 4 patients per nurse. He reported he was told "it's not our policy to run 2:1 on 1:1, that's just the way we bill things. Plaintiff was the only full-time male nurse. He was terminated and replaced by a female nurse.

6. During Plaintiff's employment with Defendant he was required to work on average shifts that last 14-16 hours. On one occasion he worked a 22-hour shift. On each of these Plaintiff was denied a lunch break or any other breaks.

**COUNT I – VIOLATION OF THE ILLINOIS WHISTLEBLOWER ACT (740 ILCS 174/1)**

NOW COMES Plaintiff, Adam J. Quitmeyer, by and through his undersigned attorneys, and for his cause of action against Defendants states as follows:

1-6. Plaintiff repeats, realleges, and herein incorporates by reference paragraphs 1-6 above as paragraphs 1-6 of this Count.

7. At all relevant times, the Illinois Whistleblower Act at 740 ILCS 174/20.2 provided, in relevant part: "An employer may not threaten any employee with any act or omission if that act or omission would constitute retaliation against the employee under this Act." Further, the same Act 740 ILCS 174/15(b) provided "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or Federal law, rule, or regulation."

8. Pursuant to his employment for Defendants, Plaintiff had reasonable cause to believe that one or more Defendant's actions/inactions were in violation of a State or federal law, rule, or regulation. Plaintiff raised the above safety and billing issues, among others, with management, as Plaintiff deemed appropriate and obligatory to comply with Defendants' policies, Illinois law and federal law, rules, and regulations applicable to the medical industry.

9. To curtail and/or retaliate for Plaintiff's reporting of safety and billing concerns, certain employees of DaVita and/or TRC, including Defendant Rochelle Stockman ("Stockman"), acting within the scope of their employment, undertook a course of conduct

designed to result in Plaintiff's termination and curtail his ability to find other employment. Said conduct included, but was not limited to:

    a.   denied, after initially approving, Plaintiff's access to the Academy Program;

    b.   required Plaintiff work excessively long shifts without breaks including one 22-hour shift and requested Plaintiff cease making such reports of violations;

    c.   reprimanded or wrote Plaintiff up for calling in sick when others who did not call off at least two hours prior to the shift per Defendants' policy received no such reprimand, write up or even a warning;

    d.   blacklisted Plaintiff to make his search for other employment difficult;

    e.   refused to pay for or offer to Plaintiff hotel rooms after working excessively long shifts when other employees who had lesser commutes to work were provided with hotel rooms at Defendants' expense;

    f.   falsely reported to the government office of Employment Security that Plaintiff was terminated for "misconduct;"

    g.   removed Plaintiff from Defendants' SPARK program;

    h.   terminated Plaintiff's employment;

10.    To further Defendants' desire to violate the law and/or to retaliate against Plaintiff for reporting the above violations and/or to make an example of Plaintiff for his reporting of the aforementioned violations, Defendants terminated Plaintiff under the pretext or guise of unspecified "misconduct."

11.    In so doing, Defendants violated the Illinois Whistleblower Act causing Plaintiff's loss of employment, loss of benefits, and other harm.

WHEREFORE, Plaintiff prays for judgment against each Defendant for the following relief: (1) back pay, with interest; (2) compensation for any and all damages sustained as a result of the violation, including, but not limited to, litigation costs, expert witness fees, and reasonable attorney's fees; (3) reimbursement for lost benefits and compensation; (4) compensatory

damages in excess of $50,000; and (5) such other relief as allowed by law.

**COUNT II – NEGLIGENCE – WILLFUL AND WANTON MISCONDUCT**

NOW COMES Plaintiff, Adam J. Quitmeyer, by and through his undersigned attorneys, and for his cause of action against Defendants, states as follows:

1-11. Plaintiff repeats, realleges, and herein incorporates by reference paragraphs 1-11 of Count I as paragraphs 1-11 of this Count.

12. During the times that Plaintiff provided services for Defendants, his reporting billing and safety violations and concerns was met with resistance and hostility by the officers, agents, and employees of Defendants.

13. Each defendant owed a duty to Plaintiff, and others similarly situated, to refrain from permitting and/or knowingly and intentionally engaging in intimidating acts in the workplace which created an unsafe, potentially harmful, and hostile work environment. Such duties arise from common law as the Illinois Supreme Court has held all persons owe a duty to avoid harm to others and a person who breaches this duty is deemed negligent and may be held financially liable. *Karas v. Strevell*, 227 Ill.2d 440, 451 (2008); *Forsythe v. Clark USA, Inc.*, 224 Ill,2d 274, 291 (2007); *Maksinovic v. Tsogalis*, 177 Ill.2d 511 (1997). *See also Parks v. Kownacki*, 305 Ill.App.3d 449, 460 (1999) (citing Restatement (Second) of Torts); *Jones v. Live Nation Entertainment, Inc.*, 2016 IL App(1st) 152923 par. 13.

14. Defendants also owed a common law and statutory duty to Plaintiff and others similarly situated to refrain from any activities that would inhibit the reporting of any violations of the law as Defendants were obligated to follow the law regarding billing and staffing. *Palmateer v. International Harvester Co.*, 85 Ill.2d 124 (1981); 410 ILCS 705/20-30; 410 ILCS 130/105; 410 ILCS 130/85.

15.     Defendants, by and through their officers, agents, and employees, in breach of the aforesaid duties, knowingly and intentionally engaged in the above extreme and outrageous conduct directed toward Plaintiff as set forth in Count I paragraph 9.

16.     Defendants breached the above duties when their officers, agents, and employees, acting within the scope of their employment and/or agency relationship, engaged in the above extreme and outrageous conduct toward Plaintiff, in conscious disregard for the Plaintiff's health, safety, and welfare, as above referenced, by engaging in conduct which ultimately led to the termination of Plaintiff's employment. Defendants' officers, directors and supervisors were aware of such in ample time to intervene but did nothing.

17.     Defendants further breached their aforesaid duties when their officers, agents, and employees, acting in the scope of their employment and/or agency relationship, engaged in harassing Plaintiff and reporting false facts about Plaintiff causing his termination.

18.     Defendants by and through their officers, agents, and employees, acting in the scope of their employment and/or agency relationship, and acting with a heightened state of mind, intended or recklessly disregarded the probability that the aforementioned conduct would cause Plaintiff to suffer emotional distress and/or financial loss.

19.     Plaintiff endured severe and/or extreme emotional distress due to the aforementioned actions undertaken in conscious disregard for Plaintiff's rights.

20.     Defendants, by and through the conduct of their officers, agents, and employees acting in the scope of their employment and/or agency relationship, actually and proximately caused Plaintiff's aforesaid loss of employment and mental distress when they engaged in the aforementioned acts.

WHEREFORE, Plaintiff prays for judgment against each defendant, for compensatory damages in excess of $50,000, plus punitive damages in excess of $50,000, for his costs and for all other relief allowed by law.

**COUNT III – NEGLIGENCE – WILLFUL AND WANTON MISCONDUCT**

NOW COMES the Plaintiff, Adam J. Quitmeyer, by and through his undersigned attorneys, and for his cause of action against Defendants states as follows:

1-20. Plaintiff repeats, realleges, and herein incorporates by reference paragraphs 1-20 of Count II as paragraphs 1-20 of this Count.

21. During all times that Plaintiff was employed by and for Defendants, his insistence on reporting billing and patient safety concerns was met with resistance and hostility by the officers, agents, and employees of Defendants including Rochelle Stockman.

22. Defendant owed a duty to Plaintiff, and others similarly situated, to refrain from permitting and/or knowingly and intentionally engaging in intimidating acts in the workplace which created an unsafe, potentially harmful, and hostile work environment. Such duties arise from common law as the Illinois Supreme Court has held all persons owe a duty to avoid harm to others and a person who breaches this duty is deemed negligent and may be held financially liable. *Karas v. Strevell*, 227 Ill.2d 440, 451 (2008); *Forsythe v. Clark USA, Inc.*, 224 Ill,2d 274, 291 (2007); *Maksinovic v. Tsogalis*, 177 Ill.2d 511 (1997). *See also Parks v. Kownacki*, 305 Ill.App.3d 449, 460 (1999) (citing Restatement (Second) of Torts); *Jones v. Live Nation Entertainment, Inc.*, 2016 IL App(1st) 152923 par. 13.

23. Defendant also owed a common law and statutory duty to Plaintiff and others similarly situated to refrain from any activities that would inhibit the reporting of any violations of the law as Defendants were obligated to follow the law regarding billing and patient safety.

*Palmateer v. International Harvester Co.*, 85 Ill.2d 124 (1981); 410 ILCS 705/20-30; 410 ILCS 130/105; 410 ILCS 130/85.

24.      Defendants, by and through their officers, agents, and employees, including Rochelle Stockman, in violation of the aforesaid laws, knowingly and intentionally engaged in the above extreme and outrageous conduct directed toward Plaintiff as set forth in Count I paragraph 9.

25.      Defendants violated the above law when their officers, agents, and employees, acting within the scope of their employment and/or agency relationship, engaged in the above extreme and outrageous conduct toward Plaintiff, in conscious disregard for the patients' health and safety, Plaintiff's health and safety, and Plaintiff's welfare, as above referenced, by engaging in conduct which ultimately led to the termination of Plaintiff's employment. Defendants' officers, directors and supervisors, including Rochelle Stockman, were aware of such in ample time to intervene but did nothing.

26.      Defendants further violated the aforesaid law when their officers, agents, and employees acting in the scope of their employment and/or agency relationship, engaged in harassing Plaintiff and reporting false facts to the Illinois Office of Employment Security regarding the cause for Plaintiff's termination.

27.      Defendants by and through their officers, agents, and employees, acting in the scope of their employment and/or agency relationship, and acting with a heightened state of mind, intended or recklessly disregarded the probability that the aforementioned conduct would cause Plaintiff to suffer emotional distress.

28.      Plaintiff endured severe and/or extreme emotional distress due to the aforementioned actions undertaken in conscious disregard for Plaintiff's rights.

29. Defendants, by and through the conduct of their officers, agents, and employees, including Rochelle Stockman, acting in the scope of their employment and/or agency relationship, actually and proximately caused Plaintiff's aforesaid loss of employment and his mental distress when they engaged in the aforementioned acts.

WHEREFORE, Plaintiff prays for judgment against each defendant, for compensatory damages in excess of $50,000, plus punitive damages in excess of $50,000, for his costs and for all other relief allowed by law.

**COUNT IV – ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

NOW COMES the plaintiff, Adam J. Quitmeyer, by and through his undersigned attorneys, and for his cause of action against Defendants, states as follows:

1-10. Plaintiff repeats, realleges, and herein incorporates by reference paragraphs 1-10 of Count I as paragraphs 1-10 of this Count.

11. During all times that Plaintiff provided services for Defendants, Plaintiff and his coworkers were required by Defendants to work excessively long shifts sometimes as long as 22 hours and always in excess of 8 hours. Plaintiff's average shift lasted between 14-16 hours. Plaintiff was also forced to work "on call" for 48 hours straight in addition to his above shifts.

12. Each Defendant was an employer of Plaintiff within the meaning of 820 ILCS sec. 115/13.

13. That Defendants failed to compensate pay for 1 ½ times his regular pay for all hours worked above 40 hours per week in violation of 820 ILCS sec. 105/4(a).

14. Defendants, by and through their officers, agents, and employees, in violation of the aforesaid laws, knowingly and intentionally engaged in the above extreme and outrageous conduct directed toward Plaintiff and his coworkers.

WHEREFORE, Plaintiff prays for judgments against each defendant for compensatory damages in excess of $50,000, plus punitive damages in excess of $50,000, for his costs, interest, and for all other relief allowed by law.

### COUNT V – RETALIATORY DISCHARGE/WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

NOW COMES the Plaintiff, Adam J. Quitmeyer, by and through his undersigned attorneys, and for his cause of action against Defendants, states as follows:

1-6.      Plaintiff repeats, realleges, and herein incorporates by reference paragraphs 1-6 of Count I as paragraphs 1-6 of this Count.

7.      At all relevant times, the Illinois Whistleblower Act at 740 ILCS 174/20.2 provided, in relevant part: "An employer may not threaten any employee with any act or omission if that act or omission would constitute retaliation against the employee under this Act." Further, the same Act 740 ILCS 174/15(b) provided "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or Federal law, rule, or regulation." Further, 210 ILCS 85/10.9 (d) prohibits retaliation for a nurse refusing to work mandated overtime.

8.      Pursuant to his employment for Defendants and while performing services for one or more of the defendants, Plaintiff had reasonable cause to believe that one or more defendant's actions/inactions were in violation of a State or federal law, rule, or regulation. Plaintiff raised the above safety and billing issues, among others, with management, as Plaintiff deemed appropriate and obligatory to comply with Defendants' policies, Illinois and federal laws, rules, and regulations applicable to the medical industry.

9.      To curtail and/or retaliate for Plaintiff's reporting of safety and billing concerns,

and/or for refusing to work excessively long shifts or overtime in excess of 12 hours, certain employees of DaVita and/or TRC, including Defendant Rochelle Stockman ("Stockman"), acting within the scope of their employment, undertook a course of conduct designed to result in Plaintiff's termination and curtail his ability to find other employment.  Said conduct included, but was not limited to:

      i.   denied, after initially approving, Plaintiff's access to the Academy Program;

      j.   required Plaintiff work excessively long shifts without breaks including one 22-hour shift and requested Plaintiff cease making such reports of violations;

      k.   reprimanded or wrote Plaintiff up for calling in sick when others who did not call off at least two hours prior to the shift per Defendants' policy received no such reprimand, write up or even a warning;

      l.   blacklisted Plaintiff to make his search for other employment difficult;

      m.   refused to pay for or offer to Plaintiff hotel rooms after working excessively long shifts when other employees who had lesser commutes to work were provided with hotel rooms at Defendants' expense;

      n.   falsely reported to the government office of Employment Security that Plaintiff was terminated for "misconduct;"

      o.   removed Plaintiff from Defendants' SPARK program;

      p.   terminated Plaintiff's employment;

10.     To further Defendants' desire to violate the law and/or to retaliate against Plaintiff for reporting the above violations and/or to make an example of Plaintiff for his reporting of the aforementioned violations, Defendants terminated Plaintiff under the pretext or guise of unspecified "misconduct."

11.     In so doing, Defendants retaliated against Plaintiff in violation of Illinois public policy. Defendants caused Plaintiff's loss of employment, loss of benefits, and other harm.

12.     Defendant's termination of Plaintiff was contrary to and in violation of the public

policy of the State of Illinois in that Plaintiff was discharged for reporting that one or more defendants might be violating laws.

WHEREFORE, Plaintiff prays for a judgment in his favor for an amount in excess of $50,000.00 in compensatory damages, for an amount in excess of $50,000.00 in punitive damages, and for his costs, interest, and for all other relief allowed by law.

**COUNT VI – IN CONCERT LIABILITY**

NOW COMES the plaintiff, Adam J. Quitmeyer, and for his cause of action against Defendants states as follows:

1-11. Plaintiff repeats, realleges, and herein incorporates by reference paragraphs 1-11 of Count I as paragraphs 1-11 of this Count.

12. Plaintiff does not claim any Defendant acted in concert with itself. Each Defendant at all relevant times was separately incorporated.

13. The aforesaid acts by Defendants were done pursuant to a common design or with one or more of the other defendants herein, or each defendant was negligent and/or substantially assisted the other defendants in the commission of the torts.

14. Plaintiff suffered the aforesaid damages as a direct and proximate result of oneor more defendants' aforesaid activities or negligence.

15. Each defendant knew the aforesaid activities of the other defendants was in breach of the other defendant's duty to treat Plaintiff reasonably by not retaliating against him for his attempts to require Defendants to abide by Illinois law. Each defendant gave substantial assistance or encouragement to one or more of the other defendants toward the goal of accomplishing the tortious result.

WHEREFORE, Plaintiff prays for a judgment against each defendant, for an amount in

excess of $50,000.00 in compensatory damages, for an amount in excess of $50,000.00 in punitive damages, for his costs, interest, and for all other relief allowed by law.

Respectfully Submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/ Brian M. Wendler

Brian M. Wendler, #6196124
Angie M. Zinzilieta, #6322894
Warren E. Benning, #6199169
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
wendlerlawpc@gmail.com
*Attorneys for Plaintiff*

Electronically Filed
Marie Zaiz
Circuit Clerk
Jennifer Davlin
22LA0536
St. Clair County
6/22/2022 12:13 PM
18385479

**IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

**ADAM J. QUITMEYER,**

**Plaintiff,**

**v.** **Case No. 2022-LA-**0536

**DAVITA HEALTHCARE PARTNERS, INC.; DAVITA, INC.; TOTAL RENAL CARE, INC.; and ROCHELLE STOCKMAN**

**Defendants.**

**CERTIFICATION OF CASE VALUE**

I, Brian M. Wendler, do hereby certify, pursuant to the Supreme Court Rules that in my estimation based upon a review of the facts available, the value of this action exceeds $50,000.00.

Respectfully Submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/ Brian M. Wendler

Brian M. Wendler, #6196124
Angie M. Zinzilieta, #6322894
Warren E. Benning, #6199169
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
wendlerlawpc@gmail.com
*Attorneys for Plaintiff*

Electronically Filed
Marie Zaiz
Circuit Clerk
Jennifer Davlin
22LA0536
St. Clair County
6/22/2022 12:13 PM
18385479

**IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| **ADAM J. QUITMEYER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2022-LA-**0536 |
| | ) | |
| **DAVITA HEALTHCARE PARTNERS, INC.; DAVITA, INC.; TOTAL RENAL CARE, INC.; and ROCHELLE STOCKMAN** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ENTRY OF APPEARANCE**

NOW COME Brian M. Wendler, Angie M. Zinzilieta, and Warren E. Benning of Wendler & Zinzilieta, P.C., and hereby enter their appearance on behalf of the plaintiff.

Respectfully Submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/ Brian M. Wendler

Brian M. Wendler, #6196124
Angie M. Zinzilieta, #6322894
Warren E. Benning, #6199169
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
wendlerlawpc@gmail.com
*Attorneys for Plaintiff*

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 22LA0536

Amount Claimed ______

| Adam J. Quitmeyer<br><br>Plaintiff(s) | VS | Davita Healthcare Partners, Inc. et al.<br><br>Defendant(s) |
|---|---|---|

Classification Prefix ______ Code ______ Nature of Action ______ Code ______

Pltf. Atty. Brian Wendler Code ______
Address 900 Hillsboro Avenue Suite 10
City Edwardsville Phone 692-0011
Add. Pltf. Atty. ______ Code ______

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Rochelle Stockman
ADDRESS 1095 N. Green Mt. Rd.
CITY & STATE Belleville, IL 62221

## SUMMONS COPY

To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at (court location) ______ at ______ M. On ______ 20 ___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

Marie Zaiz
MARIE ZAIZ, Circuit Clerk

SEAL

WITNESS, ______ 20___

______
Clerk of Court

6/24/2022
Jennifer Davlin

BY DEPUTY: ______

DATE OF SERVICE: ______ 20___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

**SHERIFF'S FEES**

Service and return ____________ $

Miles ____________ ..........$____________

Total ......................$____________

______________________________

Sheriff of ______________________ County

____________________, Sheriff of ____________________ County

______________________________, Deputy

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 22LA0536

Amount Claimed

Adam J. Quitmeyer

Plaintiff(s)

VS

Davita Healthcare Partners, Inc. et al.

Defendant(s)

Classification Prefix ______ Code ______ Nature of Action ______ Code ______

Pltf. Atty. Brian Wendler Code
Address 900 Hillsboro Avenue Suite 10
City Edwardsville Phone 692-0011
Add. Pltf. Atty. ______ Code

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Total Renal Care, Inc.
c/o Illinois Corporation Service Company
ADDRESS 801 Adlai Stevenson Drive
CITY & STATE Springfield, IL 62703

## SUMMONS COPY

To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at (court location) ______ at ______ M. On ______ 20 ___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

MARIE ZAIZ, Circuit Clerk

SEAL

WITNESS, ______ 20 ___

6/24/2022
Jennifer Davlin

______ Clerk of Court

BY DEPUTY: ______

DATE OF SERVICE: ______ 20 ___
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

SHERIFF'S FEES

Service and return ______ $

Miles ______ ........... $______

Total ...................... $______

______

Sheriff of ______ County

______, Sheriff of ______ County

______, Deputy

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 22LA0536

Amount Claimed ______

| Adam J. Quitmeyer<br><br>Plaintiff(s) | VS | Davita Healthcare Partners, Inc.<br>et al.<br><br>Defendant(s) |
|---|---|---|

Classification Prefix ______ Code ______ Nature of Action ______ Code ______

Pltf. Atty. Brian Wendler Code ____
Address 900 Hillsboro Avenue Suite 10
City Edwardsville Phone 692-0011
Add. Pltf. Atty. ______ Code ____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Davita, Inc.
c/o Illinois Corporation Service C
ADDRESS 801 Adlai Stevenson Drive
CITY & STATE Springfield, IL 62703

## SUMMONS COPY

To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at (court location) ______ at ______ M. On ______ 20____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, ______ 20____

Marie Zaiz
MARIE ZAIZ, Circuit Clerk

SEAL

6/24/2022
Jennifer Davlin

______ Clerk of Court

BY DEPUTY: ______

DATE OF SERVICE: ______ 20____
(To be inserted by officer on copy left with defendant or other person)



I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
| --- | --- |
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
| --- | --- | --- |
| | | |
| | | |
| | | |

(d) - (Other service):

SHERIFF'S FEES

Service and return ____________ $

Miles ____________ ........... $ ____________

Total ....................... $ ____________

______________________________

Sheriff of ____________________ County

____________________, Sheriff of ____________________ County

____________________________, Deputy

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 22LA0536

Amount Claimed ______

Adam J. Quitmeyer

Plaintiff(s)

VS

Davita Healthcare Partners, Inc. et al.

Defendant(s)

Classification Prefix ______ Code ______ Nature of Action ______ Code ______

Pltf. Atty. Brian Wendler Code ______
Address 900 Hillsboro Avenue Suite 10
City Edwardsville Phone 692-0011
Add. Pltf. Atty. ______ Code ______

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME Davita Healthcare Partners, Inc.
c/o Corporation Service Company
ADDRESS 251 Little Falls Drive

CITY & STATE Wilmington, DE 19808

## SUMMONS COPY

To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at (court location) ______ at ______ M. On ______ 20 ______ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

Marie Zaiz
MARIE ZAIZ, Circuit Clerk

SEAL

WITNESS, ______ 20____

______
Clerk of Court

6/24/2022
Jennifer Davlin

BY DEPUTY: ______

DATE OF SERVICE: ______ 20____
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):

By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
| --- | --- |
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
| --- | --- | --- |
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
| --- | --- |
| Service and return ____________ | $ |
| Miles ____________ .......... | $____________ |
| Total ...................... | $____________ |
| ____________________________ | |
| Sheriff of ____________ County | |

____________, Sheriff of ____________ County

____________, Deputy

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

FILED
ST. CLAIR COUNTY
06/28/2022
CIRCUIT CLERK

ADAM J QUITMEYER
Plaintiff/Petitioner

Vs

DAVITA HEALTHCARE PARTNERS INC, Et A
Defendant/Respondent

Case No. 22-LA-0536

To: WENDLER, BRIAN
850 VANDALIA SUITE 310
COLINSVILLE, ILLINOIS 62234-6183

## Receipt of Payment for Fees and Costs Ordered

Case: 22-LA-0536 - QUITMEYER VS DAVITA HEALTHCARE PARTNERS
Assessment Type: Assessment: 888253 Ordered on Tuesday June 28, 2022 for the amount of 314.00
TransactionType: Payment Applied to Assessment - SCHEDULED FEES AND COSTS
TransactionDate: Tuesday June 28 2022 at 9:37 am Clerk: 40090404
Applied From:

| Transaction Description | Ordered | Prior Payments | Current Payment | Balance Owed |
|---|---|---|---|---|
| Court Ordered Fees and Costs | 314.00 | | | |
| - Amount Paid by this Payment | | | 314.00 | |
| ** Balance Paid in Full | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Case Fines and Costs Total: | 314.00 | | 314.00 | 0.00 |

False

Electronically Filed
Marie Zaiz
Circuit Clerk
Cassie Voelkel
22LA0536
St. Clair County
6/29/2022 1:06 PM
18486727

**IN THE CIRCUIT COURT
FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

**ADAM J. QUITMEYER,**

**Plaintiff,**

**v.**

**DAVITA HEALTHCARE PARTNERS, INC.; DAVITA, INC.; TOTAL RENAL CARE, INC.; and ROCHELLE STOCKMAN**

**Defendants.**

**Case No. 2022-LA-0536**

**MEMO TO CLERK**

NOW COMES the Plaintiff, Adam J. Quitmeyer, by and through his undersigned counsel, and for his Memo to Clerk, states as follows:

Exhibit A was inadvertently left off the Complaint. It is attached here as Exhibit A.

Respectfully Submitted,

WENDLER & ZINZILIETA, P.C.

By: /s/ Brian M. Wendler

Brian M. Wendler, #6196124
Angie M. Zinzilieta, #6322894
Warren E. Benning, #6199169
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
wendlerlawpc@gmail.com
*Attorneys for Plaintiff*

**Natalie Mosier**

**From:** Adam Quitmeyer
**Sent:** Thursday, February 17, 2022 10:46 AM
**To:** Kristine M. Elsberry; Matt Rippee
**Subject:** Safety Concerns in Archway Acutes

To whom it may concern:

I'm writing you as a very concerned nursing teammate working under Rachelle Stockman. I have voiced my concerns to People Services three times and to compliance once, yet nothing seems to be improving. In fact, I have received a written corrective action for inappropriate conduct when other nurses on our team continue to get by with the same behavior. I've talked with Rachelle, Greg, and Denise numerous times, and everything continues to fall on deaf ears.

Issue One: we are continually being told to run 3-4 acute room patients by ourselves to get more treatments done in a day. We are no longer receiving any incentive for working with these unsafe staffing ratios, and we are currently working 3 nurses and a PCT short. When I was hired, I was told that an appropriate shift was 2 patients to 1 RN in the acute room and 1 patient to 1 RN in the icu. Now, under Rachelle, we should be able to run 3 patients to 1 nurse as a "shift" in the acute room, and 2 ICU's at once if they're "stable enough." She even has another nurse convinced she should be running 4 patients at one time. I'm sorry, but what happens when one of these patients codes, the hospital comes back and sees that I have more than 2 patients on the machine at once, and the family/hospital decides to sue? I'm sure I would be the one losing my nursing license, something that I've worked very hard for. Or would DaVita take the hit for that, since I'm just doing what I'm told needs to be done? I have text messages to prove all of this. I'm told that "it's not our policy to run 2:1 or 1:1, that's just the way we bill things. If you're assigned 8 patients in one day, you're responsible to get them done. And if you run 2 at a time, then you're going to have 4 shifts." Also, I am responsible for any add ons that may come in. However, we got rid of call in our area. I was told 2 runs and a PD would be all we were responsible for in that 12 hour period. That would be 4 patients and a PD unless I don't know how to do my math correctly.

Issue Two: receiving a written corrective action for inappropriate conduct. I have a very hard time accepting this because I did my job as I was told to the day in question. On 12/30, I completed my shift at Anderson. I checked in with Mandi who was covering St. Elizabeth's. She told me I could go home, that she did not need my help. I clocked out and went home at 2 pm. At 3:20 pm, I received a text from Rachelle saying I needed to come to St. Elizabeth's to hook up a PD patient who was in the ER. Mandi is trained on PD and only had 1 patient left in the room. She had texted me separately from Rachelle asking me to come in and relieve her for a smoke break around 230. When I didn't respond because I was already home and did not really feel that giving someone a smoke break was a reason to come back in, then I got the text from Rachelle. PD patients only take 20 minutes to hook up, and the patient was being admitted but did not have a room yet. It made no sense for me to come in and do something that a nurse who was already there was perfectly capable of doing. I was done for the day, and the last I was told that we have in writing was that we were to be on standby until 3 pm. In my corrective action, it says I was scheduled until 7 pm. Also, we no longer get standby pay. So you see my frustration in being expected to just come back in for no call back pay, no standby pay. You guys are saving plenty of money with being short 4 extra people, yet we are expected to continue to do the same amount of work as if we were fully staffed.

Fast forward a month. Saturday, February 5th, I was working with Mandi. I was at St. Elizabeth's and had 8 room patients to run. I had a PCT to help me in the morning, but she had to go to the icu in the afternoon. I brought up my second shift (of 3 patients), and got an add on at 1730. I also had a PD to hook up that night. Mandi finished at Anderson at 1630 and never checked in to see if I needed any help. She went home. When asked if she violated any policy and why she couldn't come help me finish the room or hook up the PD, Rachelle said that the situations were very

different. I would appreciate some clarity on how these situations differ, because they seem the same to me. This is not just happening with me, other teammates have issues with Mandi and Rachelle as well. I just don't understand why we have to have such a hostile work environment and she continues to get away with it.

Any clarity or insight would be much appreciated.

Sincerely,

Adam Quitmeyer

Sent from my iPad

Electronically Filed
Marie Zaiz
Circuit Clerk
Jennifer Davlin
22LA0536
St. Clair County
7/1/2022 10:15 AM
18518790

# Affidavit of Process Server

IN THE CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, ILLINOIS

ADAM J. QUITMEYER VS DAVITA HEALTHCARE PARTNERS, INC., ET AL. 22LA0536

PLAINTIFF/PETITIONER DEFENDANT/RESPONDENT CASE NUMBER

I KEVIN S. DUNN being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 06/30/2022

**Service:** I served DAVITA HEALTHCARE PARTNERS, INC.
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS; COMPLAINT; MEMO TO CLERK;

by leaving with LYNANNE GARES (MANAGING AGENT) At
NAME RELATIONSHIP

☐ Residence
ADDRESS CITY / STATE

☒ Business C/O CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808
ADDRESS CITY / STATE

On 06/30/2022 AT 12:30 PM
DATE TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on ____________
DATE

from ____________
CITY STATE ZIP

**Manner of Service:**

☒ CORPORATE

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of ________ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ **Unknown at Address** ☐ **Moved, Left no Forwarding** ☐ **Service Canceled by Litigant** ☐ **Unable to Serve in Timely Fashion**
☐ **Address Does Not Exist** ☐ **Other** ____________

**Service Attempts:** Service was attempted on: (1) ____________ (2) ____________
DATE TIME DATE TIME

(3) ____________ (4) ____________ (5) ____________
DATE TIME DATE TIME DATE TIME

Age 50 Sex FEMALE Race WHITE Height 5'5 Weight 180 HAIR BROWN

KEVIN S. DUNN
BRANDYWINE PROCESS SERVERS, LTD
PO BOX 1360, WILMINGTON, DE 19899

SUBSCRIBED AND SWORN to before me this 30TH day of JUNE ,2022.

SIGNATURE OF NOTARY PUBLIC

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires on May 3, 2024

NOTARY PUBLIC for the state of DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS